IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERGE ERIC BAYARD, : | |
|     Petitioner : | |
| : | CIVIL NO. 3:11-CV-1421 |
| v. : | |
| : | (JUDGE NEALON) |
| H.L. HUFFORD, : | (MAGISTRATE JUDGE CARLSON) |
|     Respondent : | |

## MEMORANDUM

On August 3, 2011, Petitioner, Serge Eric Bayard, an inmate currently confined at the Federal Correctional Institute-Schuylkill in Minersville, Pennsylvania filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges his "expired state conviction" which "delayed [his] arraignment and the date from which he received pre-sentence credit towards the federal felony convictions under which he is currently incarcerated." Id. On August 24, 2011, Respondent, Warden H.L. Hufford, filed a response, and Petitioner filed a traverse on September 1, 2011. (Docs. 7 & 8). On September 13, 2011, Magistrate Judge Martin C. Carlson entered a Report and Recommendation ("R&R") recommending that the petition be denied. (Doc. 9). Petitioner objected to the R&R on September 22, 2011, and Respondent filed a memorandum of law in opposition to the objections on October 5, 2011. (Docs. 10 & 11). On October 14, 2011, Petitioner filed a motion to strike Respondent's memorandum of law. (Doc. 12).

Petitioner's objections to the Magistrate Judge's R&R are now ripe for disposition and for the reasons that follow will be overruled.

FILED
SCRANTON

FEB 1 5 2012

PER _____
      DEPUTY CLERK

**Standard of Review**

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(c), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

**Discussion**

In the R&R, Magistrate Judge Carlson set forth the factual background and sentencing calculations of the United States District Court for the District of Hew Hampshire which recently considered and rejected Petitioner's allegations that the Bureau of Prisons ("BOP") erred in calculating his sentence. (Doc. 9, pp. 1-3), citing Bayard v. Hufford, No. 10-442, 2010 WL 4156519, *1 (D.N.H. 2010). The Magistrate Judge determined that the petition sub judice and the petition before the United States District Court for the District of New Hampshire were identical, and therefore, the doctrine of res judicata bars consideration of this matter. (Doc. 9, pp. 4-5). Additionally, Magistrate Judge Carlson, being thorough, analyzed Petitioner's arguments on their merits and concluded that the BOP's "sentence credit calculation fully comports with the

law, and provides Bayard all the credit he is entitled to receive, unless or until Bayard successfully sets aside his prior state conviction and sentence, a task which would not properly be before this Court." (Doc. 9, p. 13).

In his objections, Petitioner argues that the doctrine of res judicata should not bar his petition because: (1) it was not raised by Respondent and therefore was waived and cannot be raised by this Court sua sponte; (2) the issue raised has never been previously presented in this district; and (3) all of the requirements for applying res judicata were not met since his habeas petition in the United States District Court for the District of New Hampshire was a challenge of his state court conviction and, therefore not resolved on the merits. (Doc. 10, pp. 1-2). Petitioner contends that his petition is not a second or successive habeas application and the abuse of writ doctrine is inapplicable here since the prior determination was not made on the merits. (Doc. 10, p. 3). Petitioner lastly argues that he desired that this Court "review the legality of the expired state conviction and its sentence and to order the Bureau of Prisons to recalculate presentence credit," and the Magistrate Judge is wrong to suggest that Petitioner needs to challenge his state conviction under 28 U.S.C. § 2254 in the United States District Court for the District of New Hampshire (Doc. 10, pp. 4-5), citing (Doc. 1, ¶ 1).

After de novo review, this Court will adopt the R&R. The Magistrate Judge correctly concluded that the instant habeas petition and the petition filed in the United States District Court for the District of New Hampshire, but for the caption and requested relief section, are identical. See (Doc. 1) and (Doc. 7-1, pp. 1-14). The United States District Court for the District of New Hampshire determined that Petitioner's proper course of action is to first obtain vacation of his state court conviction and then request that the BOP recalculate his probable release date and, if

the BOP failed to properly credit his time, to seek relief under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of New Hampshire. Bayard v. Hufford, 2010 U.S. Dist. LEXIS 113148, *3-4 (D.N.H. 2010). The Magistrate Judge, making the same conclusions on the merits as the United States District Court for the District of New Hampshire, determined that the BOP correctly calculated Petitioner's federal sentence and provided Petitioner "all the credit he is entitled to receive, unless or until Bayard successfully sets aside his prior state conviction and sentence, a task which would not properly be before this Court." (Doc. 9, p. 13). This Court, reviewing the petition for a third time, agrees that Petitioner's sentence calculation by the BOP is correct as his state conviction and sentence stand, and that this petition is not the proper mechanism to challenge his state court conviction.

Next, the Magistrate Judge correctly concluded that this Court cannot contradict the prior identical legal decision regarding the same issues between the same parties made by the United States District Court for the District of New Hampshire. Petitioner's objection that this Court cannot sua sponte raise res judicata is legally erroneous. Atwell v. Metterau, 255 Fed. Appx. 655, 657 (3d Cir. 2007) ("Although a defendant usually must raise preclusion as an affirmative defense, a court may *sua sponte* dismiss an action" on the doctrine of res judicata.), citing Arizona v. California, 530 U.S. 392, 412, 120 S. Ct. 2304, 147 L. Ed. 2d 374 (2000) (explaining that this result avoids the burden of twice defending an action and unnecessary judicial waste); see also Schlup v. Delo, 513 U.S. 298, 317-323, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (applying res judicata to habeas claims). Further, the District Court has the authority to summarily dismiss § 2241 petitions if it plainly appears that the Petitioner is not entitled to relief. Patton v. Fenton, 491 F. Supp. 156, 158 (M.D. Pa. 1979)(Nealon, J.); see also Rule 4 of the

Rules Governing Section 2254[1] cases. Petitioner is also legally incorrect in his objection that the doctrine of res judicata does not bar his claim because the prior decision was not in this district. Migra v. Warren City School Dist. Bd. of Education, 465 U.S. 75, 81 (1984) (Federal courts derive the preclusion effect of decisions of other federal courts from the common law and policies supporting res judicata while Congress specifically requires all federal courts to give preclusion effect to state court judgments.), citing Allen v. McCurry, 449 U.S. 90, 96 (1980). Lastly, although the United States District Court for the District of New Hampshire did not address the "challenge of his state conviction and sentence," it did address the merits and substance of this identical petition. (Doc. 10, p. 2), citing (Doc. 9, 13, n.1). The United States District Court for the District of New Hampshire concluded that "none of the claims [Petitioner] advances has merit," and that Petitioner is "no longer 'in custody' for federal habeas corpus purposes" and cannot "collaterally attack that state court conviction (or sentence) in this court." Bayard v. Hufford, 2010 U.S. Dist. LEXIS 113148, *4 (D.N.H. 2010). This Court is precluded by res judicata from making alternative conclusions on this identical petition.

Consequently, the Magistrate Judge's conclusions and Petitioner's objections regarding a successive habeas petition need not be addressed.

**Conclusion**

Upon de novo review, this Court will adopt the R&R. The doctrine of res judicata prevents this Court from reaching contrary determinations from that of the United States District Court for the District of New Hampshire on the claims in this petition. Further, Chief Judge Steven J. McAuliffe of the United States District Court for the District of New Hamshire,

---

[1]These rules also apply to petitions under § 2241.  See U.S. R. 1(b) Gov't 2254 Cases.

Magistrate Judge Martin C. Carlson, and the Undersigned have reviewed this petition and determined that the BOP's calculation of Petitioner's sentence is correct as his state court conviction stands and that this habeas petition is not the correct forum to address Petitioner's challenge to his underlying state court conviction. Accordingly, the petition will be denied.

Date:  February 15, 2012

_____
**United States District Judge**